## PARK HANNUM *vs.* LINUS TOURTELLOTT.

Under Gen. Sts. *c.* 123, § 54, Sundays and fractions of a day are excluded in reckoning the three days allowed for recording an attachment.

An officer's statement in his return of a levy of an execution upon real estate is not conclusive evidence of the existence or amount of an incumbrance thereon.

If a levy of an execution is made upon several parcels of land, some of which are subject to a mortgage and others not, they may all be appraised together, under Gen. Sts. *c.* 103, §§ 6, 33, and the amount due upon the mortgage deducted from the appraisement so made, provided that such amount is not greater than the value of the parcels which are mortgaged.

TORT in the nature of trespass *quare clausum.*

The following facts were agreed in the superior court: The plaintiff and the defendant each claimed title under a levy of an execution in his favor against Charles Hannum, and the only question was, which levy had precedence.

The attachment of the defendant upon his original writ was made on Friday, March 28th 1862, at one o'clock, P. M., and was recorded in the clerk's office on Tuesday April 1st, at a little after three P. M. The defendant in due course obtained judgment and execution, and the execution was levied upon four lots of Charles Hannum, including the *locus,* and the appraisers' certificate was as follows: " We have appraised all of said lots at the sum of eight hundred and fifty-five dollars and thirty-nine cents, from which sum we deduct the sum of seven hundred and forty-two dollars, being the value of a mortgage on said land from said Charles, and now in the hands of John Paige, leaving a balance of one hundred and thirteen dollars and thirty-nine cents to apply on this execution;" "and we have set off the same by metes and bounds to the said Linus Tourtellott." It was agreed, in case parol evidence was competent to prove the same, that the mortgage covered only three of the lots.

The attachment of the plaintiff was made on Monday, the 31st of March 1862, at five minutes past twelve o'clock in the morning, and recorded on the same day; and it was agreed, in case parol evidence was competent to prove the same, that the plaintiff's writ was filled up and the officer's attendance to serve

the same procured on Sunday for the purpose of making the attachment immediately after midnight.

Judgment was rendered for the defendant, and the plaintiff appealed to this court.

*E. Dickinson,* for the plaintiff. The record of the defendant's attachment was not seasonably made. Gen. Sts. *c.* 123, §§ 51–54. The levy of the execution of Tourtellott was invalid by reason of the manner of making the appraisement. Gen. Sts. *c.* 103, §§ 1, 3, 5, 6, 17, 18, 33. *Jenks* v. *Ward,* 4 Met. 404. *McGregor* v. *Williams,* 10 Cush. 526. *Bond* v. *Bond,* 2 Pick. 382. *Fletcher* v. *Stone,* 3 Pick. 250.

*C. Delano & S. T. Spaulding,* for the defendant.

DEWEY, J. The question of title here arises between creditors levying upon the same real estate of the debtor. The attachment made by the defendant was first in point of time, unless lost by the omission to leave at the clerk's office the writ or a copy thereof, with the attachment indorsed thereon within three days after the day on which the attachment was made, as required by Gen. Sts. *c.* 123, § 54. The objection taken is, that the filing in the clerk's office was on the fourth day after the attachment. But as it appears that one of the three days immediately succeeding the attachment was Sunday, that day is to be excluded from the computation. When the time limited for such an act is less than a week, Sunday is to be excluded from the computation. *Thayer* v. *Felt,* 4 Pick. 354. *Penniman* v. *Cole,* 8 Met. 496.

It is then objected to the defendant's levy of execution that the same is invalid. It is said to be so because it was a levy made upon four distinct parcels of real estate, three of which were subject to a certain mortgage, and the other lot was unincumbered; and that the appraisement was of the four lots in one sum, and no deduction for the sum due on the mortgage was made from the aggregate, which included the unincumbered lot.

The defendant denies the competency of any evidence offered to establish these facts, insisting that the return of the officer is conclusive, and that by his return all the lots appraised are stated to be incumbered by the mortgage, which is deducted

from their appraised value. But we are not satisfied that this position can be maintained. The return of an officer of a levy of execution is doubtless conclusive as to the formalities attending such levy, the notice to the parties, the selection of the appraisers, their qualifications, &c. But whether the premises are incumbered by a mortgage, and the amount of the incumbrance, and whether the deduction on that account was not too large, may be considered as matters open to proof. In *Mc Gregor* v. *Williams*, 10 Cush. 526, such evidence was admitted, and upon proof of a material over estimate of the incumbrance, and too large a deduction, the matter was treated as open to inquiry, and the levy was held invalid. In *Jenks* v. *Ward*, 4 Met. 404, a like inquiry was permitted.

It is conceded, if such evidence is competent, that in fact only three of the lots were included in the mortgage. The inquiry then is, whether upon this state of facts the levy can be maintained.

The Gen. Sts. *c.* 103, § 6, have directly provided that when the execution is levied at the same time upon several pieces of land, all the pieces may be appraised together. The uniting of four distinct parcels of land in one estimate as the appraised value of the land taken is not therefore objectionable. Such was the law as held by this court even before this statute.

But it is insisted that the deduction of the mortgage incumbrance should have been made from the appraised value of the three lots mortgaged, and hence results a necessity for a separate valuation of those lots. Such a mode of making the levy would obviously exhibit more directly the precise value of the lands incumbered, and the proportion it bore to the sum due on the mortgage, and would be unobjectionable. But the inquiry is, whether the levy is invalid because not so made. How is the debtor damnified by the mode that was adopted? Suppose the one lot not included in the mortgage had been appraised separately, and the three other lots appraised together, and the mortgage debt deducted from the value of those three lots; how would it differ in its results practically? The sum remaining to be applied on the execution would be precisely the same. The

debtor's right to redeem from the levy would be the same, and no greater. It has long since been held by this court that a debtor would have no right to redeem one of several parcels set off on an execution. *Bond* v. *Bond*, 2 Pick. 382. He could not therefore have redeemed the unincumbered lot separately, but must have paid the whole sum at which the entire land was appraised and set off to the creditor, giving the same effect to the levy that follows from the appraisement of the four lots together.

There has been no suggestion in the present case that the sum deducted on account of the mortgage was greater than the value of the three lots included in the mortgage. Had such a case been shown, it might have presented a different question. The effect of a deduction beyond the value of the lots mortgaged might operate to prevent the unincumbered land from being made available to its whole value in discharge of the execution, as it ought to be. It is. not necessary to decide that question here.

But where the deduction on account of the mortgage does not exceed the value of the lots mortgaged, it would seem to be quite immaterial to the debtor whether it is deducted from the appraised value of the four lots estimated together, or from the estimated value of the mortgaged lots.

Upon the facts stated in the present case, the court are of opinion that this levy was a valid one, and that the defendant has established his title to the premises.

This being so, the questions raised at the argument upon the point of the illegality of the plaintiff's judgment are of no im-. portance as between these parties.

*Judgment for the defendant.*